UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYLER TRUJILLO, | No. 2:17-cv-1151-EFB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DAVID BAUGHMAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a). Nonetheless, the petition must be dismissed.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021 (1986).

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies.[2] *See* ECF No. 1 at 5-6 (alleging that he did not appeal from the state court judgment, did not seek review in the California Supreme Court, and is "not petitioning any court but the same court that [he] was convicted in."). Petitioner explains that the law giving rise to his claim is so new that the claim could not have been raised by way of direct appeal, but does not allege that other state court remedies are unavailable. *Id.* at 5. Because petitioner's claim has not been presented to the California Supreme Court, and there is no allegation that state court remedies are no longer available to petitioner, the petition should be dismissed without prejudice.[3] *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust.").

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis (ECF No. 5); and
2. The Clerk is directed to randomly assign a United States District Judge to this case.

Further, IT IS RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies;
2. The Clerk be directed to close the case; and

---

[2] The court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground. *Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

2

3. The Clerk be directed to serve a copy of any order adopting these findings and recommendations, together with a copy of the petition filed in the instant case, on the Attorney General of the State of California;

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  May 15, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE